IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPECIALTYCARE INC., REMOTE NEUROMONITORING PHYSICIANS, PC, and SENTIENT PHYSICIANS, PC, | ) | |
| Plaintiffs, | ) | C.A. No. 25-198 (MN) |
| v. | ) | |
| MERITAIN HEALTH, INC., | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiffs SpecialtyCare, Inc., Remote Neuromonitoring Physicians, PC, and Sentient Physicians, PC (collectively, "SpecialtyCare") bring this First Amended Complaint against Defendant Meritain Health, Inc. ("Meritain"), and in support thereof allege as follows:

**INTRODUCTION**

1. Defendant Meritain is violating the No Surprises Act ("NSA") and engaging in bad faith claims settlement practices. Meritain has devised a scheme to turn the purpose of the NSA on its head. Rather than Independent Dispute Resolution ("IDR") proceedings being a quick, efficient way to resolve payment disputes between out-of-network providers of emergency services and health plans, Meritain has used the NSA to deny, delay, and underpay out-of-network providers. After providers receive low initial payments from Meritain (or no payment at all),

providers must navigate the NSA to receive a determination for fair compensation for their services. Once a provider receives an IDR award determination, Meritain delays payment far beyond the statutorily mandated 30-day deadline.

2. To date, Meritain has not paid $240,244 in IDR awards to SpecialtyCare. Meritain is ignoring federal law and violating Delaware state law and must be held accountable.

## PARTIES

3. SpecialtyCare, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Brentwood, Tennessee. SpecialtyCare, through its affiliates and subsidiaries, is a leading national health care provider of intraoperative neuromonitoring throughout the United States, including Delaware. SpecialtyCare has two affiliated entities: Remote Neuromonitoring Physicians, PC and Sentient Physicians, PC (both named Plaintiffs). Remote Neuromonitoring Physicians, PC is organized under the laws of the Commonwealth of Pennsylvania and Sentient Physicians, PC, is organized under the laws of the State of Illinois. Both are professional corporations with principal places of business located in Brentwood, Tennessee.

4. Meritain is a for-profit corporation organized under the laws of the State of New York with its principal place of business in Amhurst, New York.

5. Meritain is registered to do business in Delaware.

6. Meritain is registered as a third-party administrator with the Delaware Department of Insurance.

7. Upon information and belief, Meritain insures and administers health insurance products and benefits plans throughout Delaware.

## JURISDICTION

8. This Court has personal jurisdiction over Meritain operates, conducts, engages in, and carries on business in Delaware, including registering to do business in Delaware and registering as a third-party administrator with the Delaware Department of Insurance.

9. Upon information and belief, Meritain committed the acts complained of herein in Delaware.

10. Further, Meritain alleges in its "Notice of Removal of Civil Action" that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (D.I. 1 ¶¶ 9–14) and federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) (*id.* ¶¶ 15–20).

11. Meritain further alleges that venue is proper in this Court because Meritain is subject to the jurisdiction of this Court. *See id.* ¶ 8; *accord* 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

12. This dispute arises from Meritain's failure to reimburse SpecialtyCare for its health care services provided to Meritain's members.

13. At all material times, Meritain was obligated to cover and reimburse SpecialtyCare for certain out-of-network ("OON") items and services rendered to Meritain's members and insureds under the Federal No Surprises Act ("NSA").

14. The NSA became effective January 1, 2022, and requires health plans and insurers, like Meritain, to provide coverage and reimburse providers directly for OON emergency health care services and non-emergency services furnished by OON providers at participating hospitals and facilities.

15. Under the NSA, health plans and issuers have 30 calendar days from the date the bill is transmitted by the provider to pay or deny the claim. *See* 42 U.S.C. §§300gg-111(b)(1)(C–D). Plans and issuers are allowed to initially pay the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to negotiate a higher amount. *Id.* § (c)(1)(A). If negotiations fail, the provider may initiate an independent dispute resolution ("IDR") process where a third-party arbitrator, known as an IDR entity, determines the pricing on the claim(s). *Id.* § (c)(1)(B).

16. The IDR process requires both parties to submit position statements and proposed offers of payment for the items and services at issue to the IDR entity. *Id.* §(c)(5)(B)(i). The IDR entity then evaluates both proposed offers based on a number of statutory factors, then selects one offer as the appropriate payment for the items and services at issue. *Id.* § (c)(5)(C).

17. After the IDR entity's determination, the health plan or insurer is required to pay any amount owed **within 30 calendar days**. *Id.* § (c)(6).

18. Since the implementation of the NSA, SpecialtyCare and Meritain have engaged in dozens of IDR processes to resolve OON payment disputes. Likewise, numerous IDR entities have issued determinations clearly requiring Meritain to pay SpecialtyCare additional amounts pursuant to the NSA.

19. The IDR awards at issue were rendered in accordance with the NSA, and are, therefore, binding upon SpecialtyCare and Meritain. *Id.* § (c)(5).

20. However, Meritain has consistently failed to remit payment pursuant to the IDR entity's determinations, resulting in $240,244 in unpaid and past due claims owed to SpecialtyCare from Meritain (the "Debt"). A chart identifying each of the unpaid IDR awards at issue in this action, including the dispute numbers for IDR award against Meritain and the amount Meritain owes under each award, is attached hereto as **Exhibit A**.

21. Additionally, Meritain has consistently failed to make timely payment within the NSA's required 30-calendar-day payment window, beginning when the IDR entity issued an award in favor of SpecialtyCare. Indeed, many payments are more than 120 days past due.

22. SpecialtyCare has made numerous demands to Meritain for its payment on the Debt.

23. Throughout 2023 and 2024, SpecialtyCare escalated the issue of Meritain's routine failure to pay amounts owed for the IDR entity determinations to Meritain. Although not required by the NSA, SpecialtyCare provided an inventory of IDR entity determinations to Meritain to aid in the resolution of the Debt. Such inventory listed the following identifying information:

- IDR dispute number
- CPT
- Service Date
- PCN
- Payor Claim Number
- Award Total
- Decision Date
- Expected Payment Date
- Total Payments (to date)
- Still Owed
- Patient Amount Paid

24. SpecialtyCare diligently followed-up with Meritain through multiple emails, Meritain's online provider portal, and Meritain's customer service hotlines, among other avenues. However, Meritain frequently ignored SpecialtyCare's reminders for weeks at a time and has continued to not pay the Debt.

25. SpecialtyCare engaged and continues to engage in a series of transactions in an open account with Meritain.

26. SpecialtyCare provided and continues to provide OON items and services to Meritain's members and insureds and, when necessary to protect its rights, sought reimbursement pursuant to the NSA. Accordingly, SpecialtyCare also

expects to enter further transactions with Meritain that may yield future IDR entity determinations and increase the Debt.

27. For each IDR determination at issue, Meritain made an initial payment on the claim that was unreasonable and well below the amount ultimately awarded in the IDR.

28. Meritain makes low initial payments hoping that SpecialtyCare will be too busy to file IDR proceedings or will miss one of the NSA's strict deadlines. This forces SpecialtyCare to go through the IDR process, which is burdensome, on every claim.

29. When SpecialtyCare challenges Meritain's low payments and receives IDR awards for higher amounts, Meritain then unreasonably delays payment past the statutory payment deadline of 30 days.

30. Meritain knows that it is statutorily required to pay IDR awards within thirty days. However, it does not invest in the compliance systems and personnel needed to meet their obligations under federal law because they know that they, their shareholders, and the health plans they serve profit from lack of compliance and violation of the mandatory payment obligations. Meritain knows that the longer it delays or denies payment, the more they earn from the interest and/or investment income generated for their fully insured business. By delaying payment or not paying IDR awards, Meritain is able to keep the health plans' claims costs arbitrarily

low, thus incentivizing plans to stay with them or using the results to market their services to other health plans.

31. Despite SpecialtyCare's numerous demands, Meritain has failed to satisfy the Debt. As a result, Meritain has forced SpecialtyCare to file this action to obtain the payments owed for services provided by SpecialtyCare.

**COUNT I**
**ORDER CONFIRMING IDR AWARDS (10 *Del. C.* § 5702(c))**

32. SpecialtyCare incorporates and realleges paragraphs 1–31 as though fully alleged and set forth herein.

33. The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "***shall be made*** directly to the nonparticipating provider ***not later than 30 days after*** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Meritain did not challenge the awards. Meritain simply did not pay them.

34. The Court of Chancery has jurisdiction over this dispute pursuant to 10 *Del. C.* § 5702(c), which provides that "any application to the Court of Chancery … to vacate or enforce an arbitrator's award shall be decided by the Court of Chancery in conformity with the Federal Arbitration Act [9 U.S.C. § 1 *et seq.*], and such general principles of law and equity as are not inconsistent with that Act."

35. Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), a party to an arbitration may commence a summary action in court for confirmation of the award, and a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.

36. As previously noted, IDR awards issued under the NSA are final and binding upon the parties and, hence, subject to enforcement by the Court under Section 9 of the FAA.

37. SpecialtyCare is entitled to an order confirming the IDR awards.[1]

38. Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

39. The amounts owed on unpaid IDR awards total $240,244, plus pre-judgment and post-judgment interest.

**COUNT II**
**ORDER CONFIRMING IDR AWARDS (9 U.S.C. § 9)**

40. SpecialtyCare incorporates and realleges paragraphs 1–31 as though fully alleged and set forth herein.

---

[1] The IDR awards and the amounts due and owing pursuant to said awards are not in dispute. Meritain has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of decisions for Meritain to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this First Amended Complaint.

41. Pursuant to Section 9 of the FAA, a party to an arbitration may commence a summary action in court for confirmation of the award, and a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9.

42. As previously noted, IDR awards issued under the NSA are final and binding upon the parties and, hence, subject to enforcement by the Court under Section 9 of the FAA.

43. SpecialtyCare is entitled to an order confirming the IDR awards.[2]

44. Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

45. The amounts owed on unpaid IDR awards total $240,244, plus pre-judgment and post-judgment interest.

**COUNT III**
**ACCOUNT STATED**

46. SpecialtyCare incorporates and realleges paragraphs 1–31 as though fully alleged and set forth herein.

47. SpecialtyCare rendered OON services and items to Meritain's members and insureds.

---

[2] The IDR awards and the amounts due and owing pursuant to said awards are not in dispute. Meritain has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of decisions for Meritain to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this Complaint.

48. These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Meritain to retain the benefit without commensurate compensation.

49. Meritain was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

50. Therefore, Meritain received significant economic benefits from SpecialtyCare's services.

51. Meritain has knowledge of the benefits conferred upon it.

52. Meritain has voluntarily accepted and retained the benefits conferred upon it.

53. Meritain's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Meritain received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

54. Thus, Meritain has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred.

55. There is presently due and owing to SpecialtyCare from Meritain the sum of $240,244 on an account stated between the parties, which amount represents the total owed on unpaid IDR awards owed by Meritain.

56. SpecialtyCare has made frequent demands to Meritain for the above-described amounts due and owing and provided a statement of Meritain's balance owed on the Debt to Meritain, a copy of which is attached as Exhibit A.

57. SpecialtyCare has been directly and proximately damaged by Meritain's failure to remit payment in full on the account stated between the parties and is entitled to recover money damages plus prejudgment and post-judgment interest, in an amount to be determined at trial, but in no event less than $240,244.

**COUNT IV**
**QUANTUM MERUIT (ALL IDR AWARDS)**

58. SpecialtyCare incorporates and realleges paragraphs 1–31 as though fully alleged and set forth herein.

59. SpecialtyCare rendered OON services and items to Meritain's members and insureds.

60. SpecialtyCare expected Meritain would pay for these services and items because Meritain was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

61. Therefore, Meritain received a significant economic benefit from SpecialtyCare's services.

62. Meritain knew SpecialtyCare expected to be paid for the services and items.

63. Meritain has knowledge of the benefits conferred upon it.

64. Meritain has voluntarily accepted and retained the benefits conferred upon it.

65. Meritain's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Meritain received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

66. Thus, Meritain has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Meritain's initial payments were low and not commensurate to the reasonable value of the benefits conferred on it by SpecialtyCare.

67. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued, and Meritain was obligated to make payment within 30 days of the IDR awards being issued.

68. Meritain has failed and refused to pay the amounts owed on the IDR awards within thirty days as required by the NSA.

69. Meritain continues to improperly retain the amounts owed on the IDR awards at issue herein.

70. It would be inequitable for Meritain to retain the benefits of the services provided by SpecialtyCare without paying the full value of the benefits as set forth in the IDR awards, and SpecialtyCare has suffered damages as a result.

71. SpecialtyCare hereby seeks payment of the IDR awards in the amount of $240,244.

**COUNT V**
**UNJUST ENRICHMENT (ALL IDR AWARDS)**

72. SpecialtyCare incorporates and realleges paragraphs 1–31 as though fully alleged and set forth herein.

73. SpecialtyCare rendered OON services and items to Meritain's members and insureds.

74. These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Meritain to retain the benefit without commensurate compensation.

75. Meritain was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

76. Therefore, Meritain received significant economic benefits from SpecialtyCare's services.

77. Meritain has knowledge of the benefits conferred upon it.

78. Meritain has voluntarily accepted and retained the benefits conferred upon it.

79. Meritain's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Meritain received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

80. Thus, Meritain has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Meritain's initial payments were low and not commensurate to the value of the benefits conferred on it by SpecialtyCare.

81. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued, and Meritain was obligated to make payment within 30 days of the IDR awards being issued.

82. Meritain has failed and refused to pay the amounts owed on the IDR awards within thirty days as required by the NSA.

83. Meritain continues to improperly retain the amounts owed on the IDR awards at issue herein.

84. Meritain would be unjustly enriched if allowed to retain the benefit of the services provided by SpecialtyCare without paying the full value thereof benefits as set forth in the IDR awards, and SpecialtyCare has suffered damages as a result.

85. SpecialtyCare hereby seeks payment of the IDR awards in the amount of $240,244.

**PRAYER FOR RELIEF**

WHEREFORE, SpecialtyCare respectfully prays for the following relief:

A. An Order confirming each IDR award included in Exhibit A pursuant to 10 *Del. C.* § 5702(c) and 9 U.S.C. § 9;

B. An Order enforcing all the IDR Awards not paid within thirty days as required by federal law in an amount not less than $240,244 and a judgment for the total amount outstanding plus pre- and post-judgment interest under 28 U.S.C. § 1961;

E. Equitable relief requiring Meritain comply with the NSA by paying all future IDR awards within 30 days; and

F. Any and all additional legal or equitable relief to which SpecialtyCare may be entitled.

Dated: June 20, 2025

BAKER & HOSTETLER LLP

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)
Michael E. Neminski (#6723)
1201 North Market Street, Suite 1407
Wilmington, DE 19801
(302) 407-4222
jjlyons@bakerlaw.com
mneminski@bakerlaw.com

*Attorneys for Plaintiffs*

OF COUNSEL:
James V. Etscorn
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
(407) 649-4067
jetscorn@bakerlaw.com